**John F. BOYLE, Jr., Plaintiff–
Appellant,**

v.

**James J. MAYER, Jr., Defendant–
Appellee.**

No. 02–3124.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2002.

Before BOGGS and COLE, Circuit
Judges; BELL, District Judge.*

John F. Boyle, Jr., appeals pro se from a
district court judgment that dismissed his
civil rights action filed under 42 U.S.C.
§ 1983. His appeal has been referred to a
panel of this court pursuant to Rule
34(j)(1), Rules of the Sixth Circuit. Upon
examination, the panel unanimously agrees
that oral argument is not needed in this
case. Fed. R.App. P. 34(a).

In 1990, an Ohio jury convicted Boyle of
aggravated murder and abusing a corpse,
violations of Ohio Rev.Code §§ 2903.01(A)
and 2927.01(B). The testimony at trial
indicated that the victim had been buried
in the basement of Boyle's house. He was
sentenced to life imprisonment, and that
sentence was affirmed on direct appeal.

In his civil rights complaint, Boyle pri-
marily alleged that a prosecutor would not
cooperate in recent efforts to have DNA

testing performed on a blood sample that
had been found in his house prior to trial.
Thus, Boyle argued that the defendant
violated his right to due process, exposed
him to cruel and unusual punishment, and
denied him the right to present evidence
regarding his innocence. The district
court dismissed the case on January 8,
2002, and it is from this judgment that
Boyle now appeals.

A *de novo* review of the record shows
that Boyle's case was properly dismissed
because he did not allege a cognizable civil
rights claim. *See* 28 U.S.C. § 1915A(b)(1).
Instead, Boyle plainly challenged the valid-
ity of his criminal convictions and the fact
or duration of his continued confinement.
Thus, the district court properly found
that the exclusive federal remedy for his
claims was a writ of habeas corpus. *See
Preiser v. Rodriguez,* 411 U.S. 475, 490, 93
S.Ct. 1827, 36 L.Ed.2d 439 (1973). A simi-
lar bar applies to any monetary claim, as
Boyle has not shown that his convictions
were reversed on direct appeal, expunged
by executive order, declared invalid by a
state tribunal, or called into question by a
federal writ of habeas corpus. *See Heck v.
Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct.
2364, 129 L.Ed.2d 383 (1994).

Boyle argues that he has no available
remedy other than a civil rights action
under § 1983. However, "*Heck* is not
made inapplicable ... by the unavailability
of habeas relief." *Huey v. Stine,* 230 F.3d
226, 230 (6th Cir.2000); *accord Schilling v.
White,* 58 F.3d 1081, 1086–87 (6th Cir.
1995). We also note that Boyle has not
raised a cognizable issue under § 1983 in-
sofar as his claims do not implicate the
validity of his convictions, as such claims
would not rise to the level of a constitu-

---

* The Honorable Robert Holmes Bell, United
States Chief District Judge for the Western

District of Michigan, sitting by designation.

tional violation. *See Baker v. McCollan,* 443 U.S. 137, 142–47, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Schilling,* 58 F.3d at 1086.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.